People v Wilanshia P. (2019 NY Slip Op 08583)





People v Wilanshia P.


2019 NY Slip Op 08583


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-11049
 (Ind. No. 8444/15)

[*1]The People of the State of New York, respondent,
v
Wilanshia P. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Lynn W. L. Fahey of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Caroline R. Donhauser, and Niki Bargueiras of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William Miller, J.), rendered March 7, 2017, adjudicating her a youthful offender, upon her plea of guilty to grand larceny in the fourth degree, and sentencing her, inter alia, to a period of conditional discharge.
ORDERED that the judgment is modified, on the law, by vacating so much of the sentence as imposed a period of conditional discharge; as so modified, the judgment is affirmed.
Pursuant to a negotiated disposition, the defendant entered a plea of guilty to grand larceny in the fourth degree, with the understanding that if she completed 20 days of community service, she would be adjudicated a youthful offender, and that the Supreme Court would issue an order of protection against her and in favor of the complainant. It is undisputed that the defendant completed the community service prior to being sentenced. At sentencing, however, in addition to the above-referenced terms, the court also imposed a period of conditional discharge, which was not part of the bargained-for disposition.
The defendant contends, and the People concede, that under the circumstances of this case, as a matter of essential fairness, the defendant is entitled to the benefit of the plea agreement (see People v McConnell, 49 NY2d 340, 349; People v Drexler, 163 AD3d 846, 847). Accordingly, we modify the judgment by vacating the conditional discharge component of the sentence.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court